# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Kirsch,              :
        Petitioner       :
                          :
       v.                      :   No. 495 C.D. 2023
                          :
Commonwealth of Pennsylvania  :
(Workers' Compensation Appeal  :
Board),                  :
        Respondent    :   Submitted: May 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                   FILED: June 5, 2024

Adam Kirsch (Claimant) petitions for review of the May 2, 2023 opinion and order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision to grant the Commonwealth of Pennsylvania's (Employer) petition to modify Claimant's total disability benefits to partial disability based on an impairment rating evaluation (IRE) performed pursuant to Section 306(a.3) of the Workers' Compensation Act (Act),[1] 77 P.S. § 511.3, commonly known as Act 111 of 2018 (Act 111). We affirm.

## BACKGROUND

The facts are not in dispute. On May 14, 2018, Claimant sustained a work-related injury described as left knee, right hip, and hamstring strains. Reproduced

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §§ 1-1041.4, 2501-2710.

Record (R.R.) 102a. On May 19, 2022, Employer filed a Modification Petition seeking to change Claimant's disability status from temporary total disability to temporary partial disability based on the results of an IRE performed on February 28, 2022. *Id.* The WCJ held a hearing on Employer's Modification Petition on June 2, 2022. *Id.* At the hearing, Employer introduced the deposition testimony of IRE physician Michael D. Wolk, M.D., and the February 28, 2022 IRE report. *Id.* Claimant did not present any evidence in opposition to Employer's Modification Petition but preserved constitutional challenges to Act 111.

By decision and order dated November 1, 2022, the WCJ granted Employer's Modification Petition. R.R. 104a. The WCJ concluded that Employer established entitlement to a modification of Claimant's benefits to temporary partial disability status based on the February 28, 2022 IRE that found him 16% impaired under the American Medical Association "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009) (6th Edition AMA Guides). R.R. 103a-04a. Claimant appealed the WCJ's decision to the Board, which affirmed. R.R. 113a-21a. Claimant petitioned this Court for review.

## ISSUES

On appeal,[2] Claimant argues that the IRE process set forth in Act 111 is unconstitutional for three reasons.[3] First, Claimant submits that the language of Act 111 that permits an employer to take credit for partial disability benefits paid prior to Act 111's effective date represents an unconstitutional deprivation of property

---

[2] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

[3] Claimant's issues have been reordered for ease of disposition.

2

rights in violation of the due process and equal protection clauses of the Pennsylvania and United States Constitutions. Second, Claimant argues Section 306(a.3) of the Act unconstitutionally delegates legislative authority to the AMA. Third, Claimant submits the Bureau of Workers' Compensation's (Bureau) failure to promulgate regulations pursuant to Act 111 constitutes a violation of the Act itself.

## DISCUSSION

For context, we briefly summarize the legal landscape leading up to the enactment of Act 111. On June 20, 2017, the Pennsylvania Supreme Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), wherein it declared that Section 306(a.2) of the Act impermissibly delegated the General Assembly's lawmaking authority[4] to the AMA by allowing IREs to be performed under the "most recent edition" of the AMA's "Guides to the Evaluation of Permanent Impairment" and struck the provision from the Act in its entirety. In response to the *Protz* decision, the General Assembly enacted Act 111, which replaced former Section 306(a.2) of the Act with Section 306(a.3), 77 P.S. § 511.3. Section 306(a.3) directs IREs to be performed pursuant to the 6th Edition AMA Guides. *Id.* Section 3(2) of Act 111 provides: "(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph." Section 4 provides that Act 111 shall take effect immediately on October 24, 2018.

---

[4] Article II, section 1 of the Pennsylvania Constitution, commonly referred to as the "non-delegation clause," specifies: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1.

With this background in mind, we address Claimant's arguments. Claimant maintains that Act 111 added language to Section 314 of the Act, 77 P.S. § 651, that permits an employer to take credit for partial disability benefits that were paid prior to the effective date of the Act. By providing for such credit, Claimant argues Act 111 represents an unconstitutional deprivation of property rights in violation of the due process and equal protection clauses of the Pennsylvania and United States Constitutions. The Court notes that the language allowing an employer to take credit for weeks of partial disability paid before the effective date of Act 111 was not added to Section 314 of the Act, but rather appears in Section 3(2) of Act 111. Aside from Claimant's blanket statement that the credit provision renders Act 111 unconstitutional, he fails to meaningfully develop the argument. To the extent Claimant suggests the credit provision constitutes an unconstitutional deprivation of property rights, the Court notes that Claimant's disability status did not change from total disability status to partial disability status until February 28, 2022, long after the October 24, 2018 effective date of Act 111. *See* R.R. 104a; Section 4 of Act 111. Thus, Employer did not receive any credit for partial disability benefits pursuant to Section 3(2) of Act 111 because it was not paying partial disability benefits prior to the effective date of Act 111. Claimant's argument on this point is devoid of merit. *Id.*

Claimant next argues that the General Assembly's enactment of Section 306(a.3) did not cure the constitutional defect identified by our Supreme Court in *Protz* and that continuing to rely on standards created by the AMA, a private entity, offends article II, section 1 of the Pennsylvania Constitution. Claimant concedes this Court addressed whether Section 306(a.3) constitutes an unconstitutional delegation of legislative authority in *Pennsylvania AFL-CIO v. Commonwealth*, 219

4

A.3d 306 (Pa. Cmwlth. 2019),[5] and concluded it did not. Nevertheless, Claimant maintains that *Pennsylvania AFL-CIO* was wrongly decided, and that Section 306(a.3) contains the same constitutional defects as its predecessor. We disagree. This Court's decision in *Pennsylvania AFL-CIO* was affirmed by the Supreme Court by *per curiam* order filed August 18, 2020. *See Pa. AFL-CIO v. Commonwealth* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020). Thus, Claimant's second argument is also devoid of merit.

Last, Claimant argues that the Board has not promulgated regulations corresponding to the provisions of Act 111 and that proceeding with IREs before such regulations are adopted is a violation of the Act itself. Claimant's Brief at 10. Claimant offers no citation to authority in support, and the Court rejects his argument. In enacting Act 111, the General Assembly included Section 4, which made it effective immediately. If the General Assembly intended the effective date to be postponed until after the promulgation of regulations, it would have stated so in the Act itself.

For the reasons set forth above, we affirm the Board's order.

_____
MATTHEW S. WOLF, Judge

---

[5] In *Pennsylvania AFL-CIO*, we held that the General Assembly adopted "as its own" the 6th Edition AMA Guides, which existed at the time Act 111 was enacted, and thus passes constitutional muster. *Pa. AFL-CIO*, 219 A.3d at 316.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Kirsch, :
              Petitioner :
               :
           v. : No. 495 C.D. 2023
               :
Commonwealth of Pennsylvania :
(Workers' Compensation Appeal :
Board), :
              Respondent :

# **O R D E R**

AND NOW, this 5th day of June, 2024, the May 2, 2023 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
MATTHEW S. WOLF, Judge